# 24-2881-BK

IN THE

# United States Court of Appeals

FOR THE SECOND CIRCUIT

⯈◀

IN RE: 307 ASSETS LLC,

*Debtor.*

SEI INSIEME LLC,

*Plaintiff-Appellant,*

v.

307 ASSETS LLC,

*Defendant-Appellee.*

*On Appeal from the United States District Court
for the Southern District of New York*

**REPLY BRIEF FOR PLAINTIFF-
APPELLANT**

H. Bruce Bronson, Jr.
BRONSON LAW OFFICES, P.C.
*Attorneys for Plaintiff-Appellant*
480 Mamaroneck Avenue
Harrison, New York 10528
914-269-2530

## RESPONSE TO APPELLEE'S SUMMARY OF ARGUMENT

A. The appeal is not equitably moot because the sale was conducted in bad faith.

B. Appellant has established all of the *Chateauguay II* factors to overcome a presumption of mootness.
   a. Appellant made motions to stay the sale and confirmation.
   b. Reversal of the sale or confirmation is not necessary for effective relief.
   c. All effected parties received notice of the appeal.

## REPLY TO ARGUMENT

### A. THE APPEAL IS NOT EQUITABLY MOOT PURSUANT TO 11 U.S.C. § 363 BECAUSE THE SALE WAS CONDUCTED IN BAD FAITH.

There is precedent that the doctrine of equitable mootness should not apply to a bankruptcy plan implemented in bad faith for an improper purpose. *Antelope Techs., Inc. v. Lowe (In re Antelope Techs., Inc.)*, 431 F. App'x 272 (5th Cir. 2011). A purchaser's good faith is lost by "fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *Ewell v. Diebert* (*In re Ewell*), 958 F.2d 276, 281 (9th Cir. 1992); *Tompkins v. Frey* (*In re Bel Air Assocs., Ltd.*), 706 F.2d 301, 305 n.11 (10th Cir. 1983); *Licensing by Paolo v. Sinatra (in Re Gucci)*, 126 F.3d 380, 390 (2d Cir. 1997).

The entire Sale process lacked integrity from start to finish as the Sale was not adequately noticed, the Property was not properly marketed and interested

2

bidders were discouraged from bidding. All of these facts allowed 307-309 to ensure it was the only potential bidder. Therefore, 307-309 is not a good faith actor entitled to protection by 11 U.S.C.§363(m) or the doctrine of equitable mootness. The District Court erred by failing to consider if the Bankruptcy Court applied the correct standard based on the facts before the Court.

The doctrine required the District Court to "carefully balance the importance of finality in bankruptcy proceedings against the appellant's right to review and relief." *R<2> Invs., LDC v. Charter Communs., Inc. (In re Charter Communs., Inc.)*, 691 F.3d 476, 481 (2d Cir. 2012). *Apollo Glob. Mgmt., LLC v. Bokf, NA (In re MPM Silicones, L.L.C.)*, 874 F.3d 787, 804 (2d Cir. 2017). Even a cursory review of the facts presented by Appellant would have revealed that the Bankruptcy Court applied the wrong standard to an insider transaction which allowed a plan to be confirmed in bad faith and that there was little to no risk that granting appellant relief would be inequitable. The Appellant is only seeking monetary relief for its losses which can be fashioned and recovered from the insiders who acted in bad faith. Accordingly, this relief would not be inequitable to any third party and is not equitably moot.

    **B. APPELLANT HAS ESTABLISHED ALL OF THE *CHATEAUGUAY II* FACTORS TO OVERCOME A PRESUMPTION OF MOOTNESS..**

3

It cannot be said that there has been a comprehensive change in circumstances here as a result of the implementation of the plan that was essentially a simple sale that was not even truly a two-party transaction. However, the mootness presumption can also be overcome because all of the following factors ("*Chateaugay II* Factors") are met:

1. <u>The court can still order some effective relief.</u>

As stated the Appellant's damages are simple monetary claims that can be easily determined and awarded without reversing any portion of the sale or plan.

2. <u>Such relief will not affect the re-emergence of the debtor as a revitalized corporate entity.</u>

This factor is not an issue as the Debtor no longer exists.

3. <u>Such relief will not unravel intricate transactions so as to knock the props out from under the authorization for every transaction that has taken place and create an unmanageable, uncontrollable situation for the Bankruptcy Court.</u>

As stated, the Appellant's damages are simple monetary claims that can be easily determined and awarded without reversing any portion of the sale or plan. Additionally, there were no intricate transactions that could create an unmanageable or uncontrollable situation for the Bankruptcy Court.

4. <u>The parties who would be adversely affected by the modification have notice of the appeal and an opportunity to participate in the proceedings.</u>

The bad faith actors who engaged in collusion and self-dealing pursuant to the sale in this case are on notice and are represented by counsel who has

4

responded to this appeal on their behalf. To the extent third parties were effected by the sale and or plan, relief to Appellant would not affect these parties. As a second lien holder all of these claims were senior to Appellant and as stated many times neither the sale nor plan would need to be reversed.

5. <u>The appellant pursued with diligence all available remedies to obtain a stay of the execution of the objectionable order if the failure to do so creates a situation rendering it inequitable to reverse the order appealed from.</u>

Debtor argues that several of Appellant's claims are waived because they were not raised in Bankruptcy case. On the contrary, many if not all of these arguments were made in the Appellants objection to the disclosure statement. A298.

## **CONCLUSION**

Judge Mastando's Order confirming the Debtor's Plan and approving the Sale contained factual errors which resulted in the application of the wrong legal standard. The fact of the purchaser being an insider of the Debtor and the additional evidence of bad faith mandated a stricter level of scrutiny than the Bankruptcy Court applied to the Sale and Plan. Appellant has established facts that demonstrate sufficient evidence of bad faith and harm to Appellant that resulted from the Sale and its approval in the Order confirming the Plan.

5

The District Court failed to recognize that equitable mootness should not apply whereas here, where the wrong standard was applied and there is evidence of bad faith. For that reason, the Order of Judge Mastando must be vacated, and the Sale must be reversed as a matter of law.

Dated: Harrison, New York
      June 9, 2025,                    BRONSON LAW OFFICES, P.C.

                                    By:   /s/ *H. Bruce Bronson*
                                              H. Bruce Bronson, Esq.
                                              *Attorney for Appellant*
                                              Bronson Law Offices, P.C.
                                              480 Mamaroneck Ave.
                                              Harrison, NY 10528
                                              914-269-2530
                                              hbbronson@bronsonlaw.net

## **CERTIFICATE OF COMPLIANCE**

I, H. Bruce Bronson an attorney duly admitted to practice law in the courts of the State of New York, do certify pursuant to the Federal Rules of Bankruptcy Procedure Rule 8015 that the within Appellant's Reply Brief complies with Rule 8015(a) in that:

1. It has the required front cover in compliance with subsections (2)(A) through (F).

2. It is printed on 8 1/2 by 11-inch paper, is double spaced, except for quotations longer than 2 lines and headings and footnotes and has a one-inch margin on all four sides.

3. This document excluding the cover page, table of contents, table of citations, and proof of service as permitted by Rule 8015(g) has a word count of 1,164, line count of 133 and 6 pages.

Dated: Harrison, NY
       June 9, 2025

                          BRONSON LAW OFFICES, P.C.

                          By: */s/ H. Bruce Bronson*
                              H. Bruce Bronson, Esq.

.