24-2881-bk
In Re: 307 Assets LLC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of September, two thousand twenty-five.

PRESENT: REENA RAGGI,
RAYMOND J. LOHIER, JR.,
MICHAEL H. PARK,
  *Circuit Judges.*

------------------------------------------------------------------
IN RE: 307 ASSETS LLC,

  *Debtor.*
------------------------------------------------------------------
SEI INSIEME LLC,

  *Plaintiff-Appellant*,
    v.                                                    No. 24-2881-bk

307 ASSETS LLC,

  *Defendant-Appellee.*
------------------------------------------------------------------

|  |  |
|---|---|
| FOR APPELLANT: | H. BRUCE BRONSON, JR., Bronson Law Offices, P.C., Harrison, NY |
| FOR APPELLEE: | MARK A. FRANKEL, Backenroth Frankel & Krinsky, LLP, New York, NY |

Appeal from an order of the United States District Court for the Southern District of New York (Laura Taylor Swain, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Sei Insieme LLC, a creditor, appeals from a September 30, 2024 order of the United States District Court for the Southern District of New York (Swain, *C.J.*) granting 307 Assets LLC's motion to dismiss as equitably moot Sei Insieme's appeal of an order entered by the Bankruptcy Court for the Southern District of New York (Mastando III, *B.J.*) in 307 Assets' bankruptcy confirming a Chapter 11 reorganization plan and approving the sale of property encumbered by Sei Insieme's mortgage lien. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

2

We review the District Court's dismissal of Sei Insieme's appeal on equitable mootness grounds for abuse of discretion. *In re Charter Commc'ns, Inc.*, 691 F.3d 476, 483 (2d Cir. 2012). We apply a presumption of equitable mootness when—as Sei Insieme does not contest is the case here—"the debtor's reorganization plan has been substantially consummated." *In re BGI, Inc.*, 772 F.3d 102, 108 (2d Cir. 2014); *see* 11 U.S.C. § 1101(2). To overcome this presumption, Sei Insieme must establish that:

> (1) the court can still order some effective relief; (2) such relief will not affect the re-emergence of the debtor as a revitalized corporate entity; (3) such relief will not unravel intricate transactions . . . and create an unmanageable, uncontrollable situation for the Bankruptcy Court; (4) the parties who would be adversely affected by the modification have notice of the appeal . . . ; and (5) the appellant pursued with diligence all available remedies to obtain a stay of execution of the objectionable order if the failure to do so creates a situation rendering it inequitable to reverse the orders appealed from.

*In re Charter*, 691 F.3d at 482 (quotation marks omitted); *see In re Chateaugay Corp.*, 10 F.3d 944, 952–53 (2d Cir. 1993) (establishing what is now known as the *Chateaugay II* factors). "Although we require satisfaction of each . . . factor to overcome a mootness presumption, we have placed significant reliance on the fifth factor"—as relevant here, diligence in seeking a stay of the Bankruptcy

3

Court's reorganization plan and sale order. *In re MPM Silicones, LLC*, 874 F.3d 787, 804 (2d Cir. 2017).

The District Court concluded that Sei Insieme "failed to meet its burden to establish each of the [five] *Chateaugay II* factors" and therefore could not overcome the presumption that its appeal is equitably moot. Spec. App'x 13. On appeal before this Court, Sei Insieme insists that it satisfies all five factors. With respect to the fifth *Chateaugay II* factor, for example, it claims to have diligently pursued a stay of the sale of the property at issue, pointing us to its April 2023 motion to reconsider the Bankruptcy Court's order approving procedures for selling the property, and its June 2023 motion to stay the sale of the property and to extend the time to object to the debtor's plan of reorganization.

To start, we disagree that Sei Insieme has established the fifth factor. Sei Insieme never sought to stay the Bankruptcy Court's subsequent August 21, 2023 confirmation and sale order. Spec. App'x 11. Yet we have made clear that a "chief consideration under *Chateaugay II* is whether the appellant sought a stay of confirmation." *In re Metromedia Fiber Network, Inc.*, 416 F.3d 136, 144 (2d Cir. 2005). Sei Insieme relies heavily on its prior motions to delay the sale of the property, but those motions preceded the plan confirmation hearing and order

4

by several months. Sei Insieme also responds that moving to stay the confirmation order would have been futile. But we have long "insist[ed] that a party seek a stay even if it may seem highly unlikely that the bankruptcy court will issue one." *Id.*; *see In re Chateaugay Corp.*, 988 F.2d 322, 326 (2d Cir. 1993). Having "sought no stay of the confirmation order, and sought no expedited review in this appeal," Sei Insieme allowed the transfer of the debtor's sole asset and subsequent encumbrance by a new mortgage lien to take place unimpeded. *See In re Metromedia*, 416 F.3d at 144. Its delay "render[ed] relief inequitable." *Id.* We accordingly agree with the District Court that Sei Insieme failed to rebut the equitable mootness presumption.

Although failure to establish the fifth *Chateaugay II* factor alone is sufficient to moot the bankruptcy appeal, we agree with the District Court that, with respect to the third factor, relief for Sei Insieme would "unravel the [reorganization p]lan, to the prejudice of the City of New York, the United States Trustee, and the real estate broker who oversaw the [p]roperty sale." Spec. App'x 13. We also agree that Sei Insieme falls short of establishing the fourth factor given the absence of record evidence that the parties affected by the sale,

5

as well as the First Mortgagee, were notified of Sei Insieme's appeal to the District Court. *See* Spec. App'x 13.

Finally, Sei Insieme asks us to recognize a bad-faith exception to equitable mootness. We need not reach this issue, however, because Sei Insieme's allegations of bad faith are entirely conclusory, and neither the Bankruptcy Court nor the District Court found that 307 Assets, the debtor, acted in bad faith. To the contrary, the Bankruptcy Court, which is best positioned to make such a determination, concluded after reviewing the record and conducting a confirmation hearing that the debtor acted in "good faith." App'x 9.

In summary, the District Court did not abuse its discretion in dismissing the appeal as equitably moot.

We have considered Sei Insieme's remaining arguments and conclude that they are without merit. For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6